# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

BRYAN P. BONHAM,

    Plaintiff(s),

    v.

ROMERO ARANAS; DR. GREGORY BRYAN; T. MANALANG; M. CERVAS; B. FAULKNER; TONYA PERRY,

    Defendant(s).

Case No. 2:17-cv-02398-RFB-NJK

**ORDER**

### I.    INTRODUCTION

Before the Court are Plaintiff Bryan P. Bonham's ("Plaintiff") Motion for Sanctions, Plaintiff's Motion for Summary Judgment, Defendants Romeo Arana, Gregory Brian, T. Manalang and Tonya Perry ("Defendants") Motion for Summary Judgment, and Plaintiff's Motion to Amend, Plaintiff's Motion to Extend Time, and Plaintiff's Motion to Request Judicial Action. ECF Nos. 43, 54, 63, 74, 77, 79.

### II.    PROCEDURAL BACKGROUND

Plaintiff began this case by filing his complaint and application to proceed in forma pauperis on September 13, 2017. ECF No. 1. The Court screened the order on October 30, 2018. ECF No. 4. Defendants answered on April 1, 2019. ECF No. 16. An inmate early mediation conference was held on January 25, 2019 and settlement was not reached. ECF No. 8. Plaintiff moved for sanctions on June 24, 2017. ECF No. 43. A response and reply were filed. ECF Nos. 47, 56. Plaintiff moved for summary judgment on July 10, 2019. ECF No. 54. A response and

reply were filed. ECF Nos. 64, 67. Defendants also moved for summary judgment on July 31, 2019. ECF No. 63. A response and reply were filed. ECF Nos. 68, 69. On January 24, 2020, the Court held a hearing on the pending motions. ECF No. 87. This written order now follows.

### III.  FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed fact.

#### a. Undisputed Facts

Plaintiff Bryan P. Bonham is currently incarcerated at Lovelock Correctional Center. On February 25, 2016, Plaintiff submitted a kite seeking medical attention for a boil on the left side of his left leg. Plaintiff was prescribed 500 mg of Keflex, an antibiotic, after that meeting. On March 30, 2016, Plaintiff submitted a medical kite stating that he had a cyst or boil on his jaw line. On that day, Plaintiff was prescribed 300 mg of Lincomycin, an antibiotic. The prescription was refilled on August 4, 2016.  On November 6, 2016, Plaintiff submitted another medical kite stating that he had a boil growing on his left arm. On November 23, 2016, a medical provider treated him and prescribed 150 mg of Lincomycin.

On January 2, 2017, Plaintiff submitted another medical kite stating that he had a boil on the left side of his forehead and on his left cheek. The kite stated that Plaintiff suspected he may have some kind of staph infection. During this time period Plaintiff was in pain, and had difficulty chewing and sleeping. On January 5, 2017, a medical provider met with Plaintiff and prescribed Bactrim, a medication used to treat a wide variety of bacterial infections.

Plaintiff was seen again on January 11, 2017, where anaerobic and aerobic cultures were performed to determine whether the boils were caused by bacterial infections. A lab report dated January 15, 2017 later revealed that there was no anaerobic or aerobic growth, which would indicate that Plaintiff did not have a bacterial infection.

On February 2, 2017, Plaintiff submitted another medical kite concerning his boils. On February 7, 2017, he was seen by a medical provider and prescribed Hibiclens, an antiseptic that fights bacteria. On February 18, 2017, Plaintiff submitted another medical kite stating that he had another boil on his head. He was scheduled for a doctor's appointment on February 22, 2017.

Plaintiff submitted another kite on February 28, 2017 concerning the boil and was told that he was scheduled for a doctor's appointment. On May 9, 2017, Plaintiff met with a medical provider and was prescribed Bactrim and triple antibiotic ointment. Plaintiff has not filed any kites concerning boils since May 2017.

### b. Disputed Facts

The parties dispute the legal effect of the circumstance.

## IV. LEGAL STANDARD

### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### b. Motion for Sanctions

Rule 11 allows a court to impose sanctions against a party or attorney that presents a pleading or written motion that is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11.

### V. DISCUSSION

Plaintiff brings an Eighth Amendment deliberate indifference claim. A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir.1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc) (internal quotation marks omitted).

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—

and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014).

To establish the objective standard prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation and quotation marks omitted). To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). A defendant may be held liable under 42 U.S.C. § 1983 for deliberate indifference claims "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court finds that Plaintiff has failed to produce evidence sufficient to substantiate his Eighth Amendment deliberate indifference claim. While the Court finds that Plaintiff had a serious medical need, the Court does not find based on the facts presented to it, that any defendants were deliberately indifferent to treatment of that need. Plaintiff has not identified any specific behavior by Defendants that constitutes deliberate indifference.

The medical records submitted show that Plaintiff received medication to treat his boils. The medical records also indicate that Plaintiff received bloodwork that indicated that he did not have a bacterial infection. To the extent that Plaintiff wished for medical personnel to have pursued a different course of treatment other than what he received, the Court finds this to be a difference in opinion with regard to treatment, which the Ninth Circuit has already held does not constitute a cognizable deliberate indifference claim. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). In order to prevail on a claim involving alternative courses of treatment, Mr. Bonham would need to demonstrate that the chosen course of treatment—in this case antibiotics and an antiseptic—were medically unacceptable under the circumstances and were chosen in conscious disregard of an excessive risk to his health. Mr. Bonham has not made such a showing here, and so the Court grants summary judgment to defendants.

Because the Court's finding in this matter is dispositive, the Court denies Plaintiff's motion for summary judgment and Plaintiff's motions to extend time and request judicial action. (ECF Nos. 54, 74, 77 and 79). The Court also denies Plaintiff's Motion for Sanctions, as the Court does not find that Defendants engaged in any sanctionable behavior in answering Plaintiff's Complaint.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 63) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 43) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 54) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion re (15) Motion to Amend/Correct (ECF No. 74) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (First Request) re (76) Notice re 4m Dismissal (ECF No. 77) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion/Request for Judicial Action (ECF No. 79) is DENIED as moot.

The Clerk of the Court is instructed to close the case and enter judgment accordingly.

DATED: May 5, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**